The People *v.* Murphy.

SUPREME COURT. Broome General Term, July, 1861. *Balcom, Campbell* and *Parker*, Justices.

## THE PEOPLE *v.* EDWARD MURPHY.

Any person may keep an inn, tavern, or hotel, in this State, without having a license to sell strong or spirituous liquors and wines to be drank in his house; and a person keeping an inn, tavern, or hotel, without such license, who sells or gives away any intoxicating liquors or wines on Sunday, or on any day on which an election or town meeting is held, within a quarter of a mile of the place of such election or town meeting, is guilty of a misdemeanor, under the act of April 16, 1857. (*Laws of* 1857, *ch.* 648, § 21; 2 *R. S.*, 5*th ed.*, 944.)

Where a defendant had been convicted before the Court of Sessions of a misdemeanor for a violation of the excise laws, and exceptions taken by him had been removed into this court, by *certiorari*, and sentence stayed, on affirming the conviction, the proceedings were remitted to the Court of Sessions, with directions to proceed and render judgment, and the defendant was required to appear at the next term of that court to receive sentence.

CERTIORARI to the Tioga Court of Sessions. The prisoner was indicted, tried and convicted in that court for selling intoxicating liquors, as an inn, tavern or hotel keeper, in the town of Owego, on Sunday, in the year 1859, contrary to section 21 of "An act to suppress intemperance and to regulate

the sale of intoxicating liquors," passed April 16, 1857. (*Laws of* 1857, *vol.* 2, *p.* 413; 2 *R. S.*, *5th ed.*, 944.) The prisoner took exceptions, which were removed into this court by *certiorari*, sentence being stayed. One witness testified that the prisoner was "a hotel keeper"—that he kept up a sign, and had been keeping "such a house" from the spring of 1859 until the time of his trial in December, 1860; that he (the witness) bought whiskey of the prisoner by the drink, and paid him therefor on Sunday, in November and December, 1859; that he saw the prisoner engaged in his public house, tending bar, dealing out liquor, and that he kept a sign up, but the witness did not know how it was worded; that the prisoner kept a house for entertainment of travelers— entertainment for man and beast—that the only way he knew the prisoner was a hotel keeper was from observation and what he saw. Another witness testified that he supposed the prisoner kept a hotel; that he had a bar and a sign, which read, "Murphy's Inn;" that he waited on customers; that people came there to put up as they did at taverns; that the prisoner kept a house of entertainment for man and beast; that he had stabling, hay and grain—a large quantity—five beds, eight stalls; that he kept a bar, and professed to keep a hotel; that he bought liquor, to wit, whiskey by the drink, and paid him for it, on Sunday, in July, 1859, "while he was keeping hotel;" that travelers stopped and staid all night with the prisoner.

There was no certain, and perhaps no legal, evidence that the prisoner had a license to sell intoxicating liquors as an inn, tavern or hotel keeper, in 1859.

The court charged the jury, among other things, "if the evidence in the minds of the jury established the fact that the defendant kept an inn, tavern or hotel, and had sold liquor on the Sabbath, as charged in the indictment, he had violated section 21 of the act, and was guilty of the offense charged, *whether the defendant was shown affirmatively to have had a license or not.*" To which part of the charge the prisoner's counsel excepted.

*D. O. Hancock* (District Attorney), for the People.

*Charles A. Munger,* for the prisoner.

*By the Court,* BALCOM, P. J.   Edwards says, a hotel " is only an elegant kind of common inn." (*Edwards on Bailments,* 401.)   The same author remarks, in a note at the bottom of page 402, " Every hotel is an inn, but not every inn is a hotel." At common law, any person may keep an inn for the public accommodation, without a license, as the keeping of it is not a franchise, but a lawful trade open to every citizen. (*The Overseers, &c.,* v. *Warner,* 3 *Hill R.,* 150.)   And I am of the opinion any person may keep an inn, tavern or hotel, in this State, without having a license to sell strong or spirituous liquors and wines to be drank in his house.   Chapter 97 of the Laws of 1843 (*Laws of* 1843, *p.* 79) was abrogated in 1857, by the repeal of title nine of chapter 20, part first of the Revised Statutes, entitled, " Of excise, and the regulation of taverns and groceries (*Laws of* 1857, *vol.* 2, *p.* 416, *sec.* 33), and by the repeal of the above mentioned title, the prohibition to erect or put up a sign, indicating that a person keeps a tavern, unless he has a license to sell strong or spirituous liquors or wines, to be drank in his house, was removed ; and any person may now erect and keep up a sign indicating that he keeps an inn, tavern or hotel, without having a license of any kind.   That kind of business is, therefore, unrestricted, unless the sale of intoxicating liquors is made a part of it.

This case turns upon the question, whether the prisoner could be lawfully convicted of a misdemeanor, for selling intoxicating liquors on Sunday, as a beverage, when he had no license to sell such liquors, as an inn, tavern, or hotel keeper, on other days, granted under and pursuant to the provisions of chapter 628 of the Laws of 1857, entitled, " An act to suppress intemperance and to regulate the sale of intoxicating liquors." (*Laws of* 1857, *p.* 405, *vol.* 2.)   I think the evidence authorized the jury to find he was an inn, tavern or hotel keeper, when he sold the whiskey as a beverage, mentioned by the witnesses, on Sundays, in 1859.   Section 21 of the act

The People *v.* Murphy.

of 1857, declares, that no inn, tavern or hotel keeper, or person licensed to sell liquors, shall sell or give away any intoxicating liquors or wines on Sunday, or upon town meeting or election days, within one-fourth of a mile of the polls, to any person whatever, as a beverage; also, that "whoever shall offend against the provisions of this section shall be guilty of a misdemeanor, and on conviction shall be imprisoned in the county jail, workhouse or penitentiary not more than twenty days." It will be seen that an inn, tavern or hotel keeper, is prohibited from selling or giving away intoxicating liquors or wines on Sunday, *in any quantity* as a beverage. But a person, not an inn, tavern or hotel keeper, can, if he has no license granted under or pursuant to the act of 1857, sell strong or spirituous liquors or wines on Sunday, or on town meeting and election days, at any place, in quantities *more* than five gallons at a time, for any purpose; and he may give away such liquors or wines in less quantities, or by the drink, on any day, or at the place where a town meeting or an election is held. (*Laws of* 1857, *vol.* 2, *p.* 110, § 13.)

I think section 21 of the act of 1857 was especially designed to prohibit inn, tavern and hotel keepers, whether licensed or not, from selling or giving away any intoxicating liquors or wines on Sunday, or on town meeting and election days, within one-fourth of a mile of the polls; and if this conclusion be correct, an unlicensed inn, tavern or hotel keeper, who sells or gives away any intoxicating liquors or wines on Sunday, as a beverage, violates that section and commits a misdemeanor. If that section read that no inn, tavern or hotel keeper, or *other* person, licensed to sell liquors, shall sell or give away any intoxicating liquors or wines on Sunday, or on town meeting or election days, &c., as a beverage, the construction put upon it by the prisoner's counsel would be correct; but the word *other* is not in the section, and his construction of it is, therefore, erroneous.

My conclusion is, that the prisoner was guilty of a misdemeanor, and that his conviction should be affirmed, and the indictment and proceedings should be remitted to the Tioga

Court of Sessions, with directions to proceed and render judgment (2 *R. S.*, 5*th ed.*, 1035, § 27), and the prisoner should be required to appear at the next term of that court to receive sentence. (*Id.*, 1034, § 21.)

Decision accordingly.

SUPREME COURT.   Cayuga General Term, June, 1860.   *Smith, Johnson* and *Knox*, Justices.